# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HAIGHT, WEIS, and ALMANZA[1]
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 DEVIN L. GOETSCH**
**United States Army, Appellant**

ARMY 20140623

Headquarters, 19th Expeditionary Sustainment Command
Mark A. Bridges, Military Judge
Lieutenant Colonel Maureen A. Kohn, Staff Judge Advocate

For Appellant:  Major Andres Vazquez, Jr., JA; Captain John L. Schriver, JA.

For Appellee:  Major A.G. Courie III, JA.

30 September 2015

--------------------------------
SUMMARY DISPOSITION
--------------------------------

WEIS, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of failure to obey a lawful general order and two specifications of wrongful distribution of a controlled substance, in violation of Articles 92 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 912a [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for five months, forfeiture of $800.00 pay per month for five months, and reduction to the grade of E-1.

This case is before us pursuant to Article 66, UCMJ.  Appellate defense counsel submitted the case for appellate review on its merits.  However, appellant also personally raises several issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), one of which merits discussion and relief.

*Background*

---
[1] Judge WEIS and Judge ALMANZA both took action while on active duty.

Appellant's court-martial adjourned on 8 August 2014. On 13 May 2015, 278 days later, the convening authority took action. This period includes an initial 175 days for the government to transcribe the 85-page record of trial and deliver it to the military judge for authentication on 30 January 2015. The military judge authenticated the record the day he received it, but another 33 days elapsed before the Staff Judge Advocate (SJA) completed her post-trial recommendation (SJAR) to the convening authority on 4 March 2015. Appellant received a copy of the record on 10 April 2015, and trial defense counsel took 30 days to submit clemency matters on appellant's behalf on 10 May 2015. The SJA's addendum to the SJAR and the convening authority's action were completed three days later, and this court received the record of trial from Korea on 28 May 2015.

In the clemency matters submitted on behalf of appellant pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 1105, defense counsel alleged the government violated the post-trial processing standards recognized by our superior court in *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006), and that the delay amounted to legal error. In her addendum, the SJA disagreed with this assertion and concluded "[n]o corrective action [was] required" and "no clemency [was] warranted" in appellant's case. The record of trial is devoid of any explanation or justification for post-trial processing time, which took more than nine months.

*Dilatory Post-Trial Processing*

In *Moreno*, our superior court established timeliness standards for various stages of the post-trial and appellate process. 63 M.J. at 142-43. Specifically, action of the convening authority should be taken no later than 120 days after completion of the trial. *Id.*[2] Failure to satisfy any of these standards creates a "presumption of unreasonable delay," prompting this court to apply and balance the four factors set out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), to determine whether appellant's due process rights were violated. *See Moreno*, 63 M.J. at 136.

The first factor, length of delay, plainly weighs in appellant's favor. Here, the post-trial processing standard for the completion of the convening authority's action was exceeded by a significant margin. We therefore proceed to the remaining three factors, beginning with "[r]easons for the delay." *Id.* Here, the government has offered none and we will not speculate without more. The third factor, assertion of the right to a timely review and appeal, also weighs in appellant's favor. *Id.* at 138. Defense counsel specifically requested speedy post-trial processing in a memorandum to the SJA on 5 October 2014, more than seven months before the process was ultimately completed.

---

[2] Two additional standards—the time the government takes to deliver the record of trial to this court and timeliness of appellate review before this court—are not relevant here. *Moreno*, 63 M.J. at 142-43.

However, despite the delays, appellant's assertion of this issue before the convening authority and this court, and the absence of any explanation by the government for its dilatory processing, appellant is still not entitled to relief pursuant to *Moreno*. Appellant did not make any effort, let alone demonstrate, that he suffered any prejudice as a result of the delay, and we find this absence outweighs the first three factors to a degree that we can confidently conclude his due process rights were not violated. *Id*. at 138. Additionally, while the post-trial delay here is excessive, it is not "so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Nonetheless, appellant is not foreclosed from relief for the government's delays.

Even in the absence of actual prejudice from unreasonable post-trial processing, this court is still authorized to grant relief for excessive delay in our assessment of the appropriateness of appellant's sentence pursuant to Article 66(c), UCMJ. *See United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000). Here, a delay of more than nine months to process an 85-page record of trial is excessive and warrants relief. As such, we will provide relief in our decretal paragraph below.

*Conclusion*

The findings of guilty are AFFIRMED. After considering the entire record and those matters personally raised by appellant pursuant to *Grostefon*, 12 M.J. 431, we affirm only so much of the sentence as provides for a bad-conduct discharge, confinement for four months, forfeiture of $800.00 pay per month for four months, and reduction to the grade of E-1. All rights, privileges, and property of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge HAIGHT and Judge ALMANZA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3